UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFF LACKIE<br>180 Stone Creek Road, S.W.<br>New Philadelphia, Ohio  44663 | CASE NO. 2:15-cv-695 |
| WILLIAM CRANDELL<br>342 1st North East Drive<br>New Philadelphia, Ohio  44663 | JUDGE SMITH |
| On behalf of themselves and all others similarly situated, | |
| Plaintiffs,<br>v. | **PLAINTIFFS' FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** |
| U.S. WELL SERVICES, LLC<br>c/o its registered agent<br>National Corporate Research, LTD<br>615 S. Dupont Hwy.<br>Dover, DE 19901 | |
| Defendant. | |

Plaintiffs Jeff Lackie and William Crandell, by and through counsel, for their Class and Collective Action Complaint against Defendant U.S. Well Services, LLC, states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio and Pennsylvania wage-and-hour statutes, Ohio Rev. Code Ann. § 4111.03; 43 Pa. Stat. Ann. § 333.100 *et seq.*

1

2. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiffs bring this case on behalf of themselves and other "similarly-situated" persons who may join this case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons, defined herein, who assert factually-related claims under Ohio wage-and-hour statutes (the "Ohio Class"), and Plaintiff William Crandell brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Pennsylvania wage-and-hour statutes (the "Pennsylvania Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiffs' claims under Ohio and Pennsylvania wage-and-hour statutes because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Jeff Lackie was a citizen of the United States. From approximately October 2014 to February 2015, Plaintiff Lackie worked for Defendant as an hourly employee in Cambridge, Ohio, within this district and division, as well as in other locations.

8. At all times relevant, Plaintiff William Crandell was a citizen of the United States. From approximately May 2014 to December 2014, Plaintiff Crandell worked for Defendant as an hourly employee in Williamsport, Pennsylvania, as well as in Cambridge and Caldwell, Ohio, within this district and division.

9. Defendant is a limited liability company formed under the laws of the State of Delaware. According to records maintained by the Delaware Division of Corporations, Defendant's registered agent is National Corporate Research, LTD, 615 S. Dupont Hwy., Dover, DE 19901. Defendant's principal place of business is 2100 West Loop South, Suite 1602, Houston, TX 77027.

10. According to the records of the Ohio Secretary of State, Defendant is not registered or licensed to do business in the State of Ohio. Nevertheless, Defendant regularly conducts business, out of which the claims herein arose, in Cambridge, Ohio, within this district and division, as well as other Ohio locations.

## FACTUAL ALLEGATIONS

### Defendant's Status As an "Employer"

11. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio and Pennsylvania

3

law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, and the Pennsylvania overtime compensation statute, 34 Pa. Code § 231.41-.43.

12. Defendant's hourly employees included Plaintiffs, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio and Pennsylvania Classes.

13. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Defendant's Business

14. According to its website, Defendant is "an oilfield services provider of well stimulation services to the upstream oil and gas industry" and "engage[s] in high-pressure hydraulic fracturing in unconventional oil and natural gas basins." It is "currently under contract to perform services in the Marcellus and Utica shale regions in Ohio, West Virginia, and Pennsylvania."

### Hourly Employees' Compensation

15. Plaintiffs, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio and Pennsylvania Classes are current or former hourly employees of Defendant. They were paid hourly wages as well as bonuses. The bonuses were non-discretionary.

16. They frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA and the Ohio and Pennsylvania wage-and-hour statutes.

**Defendant's Miscalculation of Overtime Compensation**

17.     The FLSA as well as Ohio and Pennsylvania law required Defendant to pay overtime compensation to its hourly employees at one and one-half times their "regular rate," and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," including non-discretionary bonuses.  29 U.S.C. § 207(e)(3); 29 C.F.R. 778.117; Ohio Rev. Code Ann. § 4111.03(A) (incorporating FLSA standards); 34 Pa. Code § 231.41-.43.

18.     Defendant unlawfully excluded the bonuses it paid to hourly employees in determining their "regular rates" for purposes of overtime compensation.  Defendant thereby miscalculated and underpaid the overtime compensation it paid to hourly employees, including Plaintiffs, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio and Pennsylvania Classes.

**COLLECTIVE ACTION ALLEGATIONS**

19.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

20.     Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

21.     The Potential Opt-Ins who are "similarly situated" to Plaintiffs with respect to Defendant's FLSA violations consist of:

5

> All present and former hourly employees of Defendant during the period three years preceding the commencement of this action to the present who were eligible for non-discretionary bonuses and who worked more than forty hours in one or more workweeks during which they earned such bonuses.

22. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of excluding bonuses from the calculation of employees' "regular rates" for overtime compensation, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

23. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

24. Plaintiffs cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 400 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

25. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

6

26.     Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees of Defendant in Ohio during the period two years preceding the commencement of this action to the present who were eligible for non-discretionary bonuses and who worked more than forty hours in one or more workweeks during which they earned such bonuses.

27.     The Ohio Class is so numerous that joinder of all class members is impracticable.  Plaintiffs cannot yet state the exact number of class members but aver, upon information and belief, that they consist of over 100 persons.  The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

28.     There are questions of law or fact common to the Ohio Class, including but not limited to:

   a) Whether Defendant miscalculated the overtime compensation it paid to Plaintiffs and other class members by excluding bonuses from the calculation of their "regular rates" for purposes of overtime compensation.

   b) Whether Plaintiffs and other class members would have received additional overtime compensation if bonuses had properly been included in their "regular rates" of pay, and, if so, in what amount.

29. Plaintiffs' claims are typical of the claims of other members of the Ohio Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

30. Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiffs' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

31. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CLASS ACTION ALLEGATIONS
### (Pennsylvania Class)

33.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

34.     Plaintiff William Crandell brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Pennsylvania (the "Pennsylvania Class"), defined as:

> All present and former hourly employees of Defendant in Pennsylvania during the period three years preceding the commencement of this action to the present who were eligible for non-discretionary bonuses and who worked more than forty hours in one or more workweeks during which they earned such bonuses.

35.     The Pennsylvania Class is so numerous that joinder of all class members is impracticable.  Plaintiff Crandell cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 100 persons.  The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Pennsylvania law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; 34 Pa. Code § 231.31.

36.     There are questions of law or fact common to the Pennsylvania Class, including but not limited to:

> c)  Whether Defendant miscalculated the overtime compensation it paid to Plaintiff Crandell and other class members by excluding bonuses from the calculation of their "regular rates" for purposes of overtime compensation.

9

      d) Whether Plaintiff Crandell and other class members would have received additional overtime compensation if bonuses had properly been included in their "regular rates" of pay, and, if so, in what amount.

37. Plaintiff Crandell's claims are typical of the claims of other members of the Pennsylvania Class. His claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

38. Plaintiff Crandell will fairly and adequately protect the interests of the Pennsylvania Class. His interests are not antagonistic to, but rather are in unison with, the interests of other class members. His counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Pennsylvania Class in this case.

39. The questions of law or fact that are common to the Pennsylvania Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense,

and risk of pursuing their claims individually.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

41. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

42. Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).  Plaintiffs' written consent to becoming a party to this action pursuant to § 216(b) have been filed with the Court.

43. The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate."  29 U.S.C. § 207(a)(1).

44. Plaintiffs and the Potential Opt-Ins should have been paid overtime compensation at the rate of one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

45. Defendant miscalculated and underpaid the overtime compensation it paid to Plaintiffs and the Potential Opt-Ins by excluding bonuses from the calculation of their "regular rates."

46. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

47. As a result of Defendant's violations of the FLSA, Plaintiffs and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

48. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

49. Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself, the Potential Opt-Ins who worked for Defendant in Ohio and who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

50. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

51. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by excluding non-discretionary bonuses from the calculation of employees' regular rates for purposes of overtime compensation.

52. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiffs, the Potential Opt-Ins who worked for Defendant in Ohio, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

53. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Pennsylvania Overtime Violations)

54. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff Crandell brings this claim for violation of the Pennsylvania overtime compensation statute, 34 Pa. Code § 231.41-.43, on behalf of himself, the Potential Opt-Ins who worked for Defendant in Pennsylvania and who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Pennsylvania Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

56. At all times relevant, Defendant was an employer covered by the Pennsylvania overtime compensation statute, 34 Pa. Code § 231.41-.43.

57. Defendant violated the Pennsylvania overtime compensation statute, 34 Pa. Code § 231.41-.43, by excluding non-discretionary bonuses from the calculation of employees' regular rates for purposes of overtime compensation.

58. Defendant's violations of the Pennsylvania overtime compensation statute, 34 Pa. Code § 231.41-.43, injured Plaintiffs, the Potential Opt-Ins who worked for Defendant in Pennsylvania, and the Pennsylvania Class members in that they did not receive overtime compensation due to them pursuant to that statute.

59. Pursuant to 43 Pa. Stat. Ann. § 333.113 and § 260.10, Defendant is liable for unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs and other members of the Ohio and Pennsylvania Classes;

C. Enter judgment against Defendant and in favor of Plaintiffs and other members of the FLSA Collective and the Ohio and Pennsylvania Classes;

D. Award compensatory damages to Plaintiffs and other members of the FLSA Collective and the Ohio and Pennsylvania Classes in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E. Award Plaintiffs his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Hans A. Nilges
Hans A. Nilges (0076017)

        Shannon M. Draher (0074304)
        Nilges Draher, LLC
        4580 Stephen Circle, N.W.
        Suite 201
        Canton, Ohio  44718
        330-470-4428
        hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com


        s/ Thomas A. Downie
        Thomas A. Downie (0033119)
        46 Chagrin Falls Plaza #104
        Chagrin Falls, Ohio 44022
        440-973-9000
        tom@chagrinlaw.com

        s/ Steven G. Thomakos
        Steven G. Thomakos (0039043)
        Steven G. Thomakos, LLC
        P.O. Box 944
        221 Front Avenue, S.W.
        New Philadelphia, Ohio 44663
        330-308-0500
        thomakoslaw6@aol.com

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

        /s/ Hans A. Nilges

PROOF OF SERVICE

I certify that on this 10th day of March, 2014, a copy of the foregoing was filed electronically. The foregoing was also served upon Defendant via regular mail to:

U.S. Well Services, LLC
c/o its registered agent
National Corporate Research, LTD
615 S. Dupont Hwy.
Dover, DE 19901

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

s/ Hans A. Nilges
Hans A. Nilges (0076017)