*Jeff Lackie and William Crandell, et al v. U.S. Well Services, LLC* **U.S.D.C. Southern District of Ohio (Columbus), Cause No. 2:15-CV-00695**

### SETTLEMENT AND RELEASE AGREEMENT

On behalf of themselves and others similarly situated, Jeff Lackie and William Crandell ("Plaintiffs") filed this lawsuit against U.S. Wells Services, LLC ("Defendant") (collectively, "the Parties"). The Parties agree that the above-captioned litigation ("Cause No. 2:15-cv-00695"), and all claims and controversies between them related to the payment of monthly bonuses to hourly employees (whether or not asserted, but all which could have been asserted) in this Litigation are settled in accordance with the terms set forth within this Settlement and Release Agreement (the "Agreement"):

1. **Signors Authority to Bind the Parties:** Each signatory warrants and represents that they have authority to bind the party or parties for whom such person acts, even those who are not signatories hereto, and further warrants and represents that the claims, suits, rights and/or interest which are the subject matter of this litigation are owned by the party asserting same and have not been assigned, pledged, transferred or sold, except in connection with any fee agreement that such party has entered into with his or her counsel of record.  Unnamed members of the putative Settlement Class who have opted into the case pursuant to 29 U.S.C. § 216(b) will be bound by this Agreement.  Unnamed members of the putative Settlement Class who have not already opted into the case pursuant to 29 U.S.C. §216(b) will also be bound by this Agreement unless they affirmatively opt out of the Settlement Class.

2. **Non-Revocable Agreement:** This Agreement is not subject to revocation, but is contingent upon District Court approval as may be necessary to effectuate full and complete settlement of the disputes in accordance with the applicable law and as may be requested by the Parties or required by the District Court.

3. **Definition of Plaintiffs, Class Members and Settlement Class:** For purposes of this Agreement only, each hourly non-exempt employee or former employee of Defendant, including Jeff Lackie and William Crandell, who received a safety or performance bonus and who worked more than forty (40) hours in a work week in which a bonus was earned.

4. **Distribution of the Settlement:** The Total Eligible Settlement Amount shall be offered to each Plaintiff and Class Member through the mailing and e-mailing of an agreed Notice Form, which describes the rights and responsibilities of each Party. Further, it describes how each Plaintiff and Putative Class Member may participate in this settlement.

1

5714709v1

5.  **Total Eligible Settlement Amount:** In exchange for the release in paragraph 15 and the dismissal in paragraph 11 of this Agreement, Defendant will pay Six Hundred Twelve Thousand Five Hundred and 00/100 Dollars ($612,500.00).

6.  **Calculation of Individual Payments:** The Individual Payments, after deduction of the Class Representative Payment and Plaintiff's Counsel's attorneys' fees and expenses from the Total Eligible Settlement Amount, will be calculated by Plaintiffs' Counsel.  The Individual Payments will be subject to taxes and withholdings to be determined by the Third Party Administrator referenced in Paragraph 12 herein and will be reported as W-2 payments by or as directed by the Third Party Administrator. Calculations with respect to all eligible settlement participants will be shared with Defense counsel before any disbursement.

7.  **Retention of Individual Payments:** Payments intended for individual Class Members that are neither cashed after an agreed time period nor expressly rejected for other reasons, will revert to Plaintiffs for redistribution on a pro rata basis.

8.  **Attorneys' Fees and Expenses:** Defendant will not oppose Representative Plaintiffs' application to the Court for attorneys' fees and costs in an amount not to exceed one-third (1/3) of the Total Eligible Settlement amount.

9.  **Class Representative Payment:** Defendant will not oppose Plaintiffs' application to the Court for Class Representative Payments in the amount of Five Thousand Dollars and 00/100 Dollars ($5,000.00) to Jeff Lackie and William Crandell to be paid from the Total Eligible Settlement Amount, in addition to their Individual Payment.

10. **Joint Motion for Preliminary Approval of Settlement:** On or before September 15, 2016, the Parties will jointly move the District Court for preliminary approval of the Settlement.

11. **Dismissal of the Related Bonus Claims With Prejudice:** Upon entry of the District Court's final approval order of the Settlement and dismissal of the claims in Cause No. 2:15-cv-00695, Plaintiffs will dismiss all claims related to bonuses against Defendants in the related case styled *Jeff Lackie and William Crandell v. Daniel Layton; Cornelius Dupre; Gregg Falgout; Steve Orlando; Brian Stewart; Edward S. Self, III; Jeffrey McPherson; Kenneth Sill; et al.*; Cause No. 2:15-cv-03126; In the United States District Court, Southern District of Ohio, Eastern Division. All of the claims relating to or arising from the payment of monthly bonuses and its alleged impact on the rate and amount of overtime pay under the Fair Labor Standards Act and any applicable state wage statute, including Ohio,

2

Pennsylvania, and West Virginia state statutes and law will be dismissed with prejudice in Cause No. 2:15-cv-03126, leaving only the claims relating to the payment of per diem.

12. **Distribution of Notice Forms:** Notice Forms will be distributed to the Eligible Settlement Participants within ten (10) days after the District Court grants preliminary approval of the Settlement, approves of the Notice Forms, and preliminarily certifies the class for purposes of the Settlement only. Plaintiff counsel will coordinate the notice form with the assistance of a Third Party Administrator ("TPA") selected by Plaintiffs' counsel. Defendant shall pay for up to, but no more than, Ten Thousand and 00/100 Dollars ($10,000.00) for the cost of the TPA in addition to the total settlement amount. Defendant will pay the TPA directly, after receipt of invoices detailing the amounts charged or incurred by the TPA. If and when the cost of the TPA exceeds $10,000, Plaintiffs will pay any additional charges or expenses incurred by the TPA. The Eligible Settlement Participants will be allowed 60 days to receive the Notice Forms, review them, and decide whether to join this Settlement.

13. **Joint Motion for Final Approval of Settlement.**  After the 60 day notice period has passed, the Parties will jointly move the District Court for final approval of the Settlement, including class certification of the settlement class and dismissal of the claims alleged in Cause No. 2:15-cv-00695 with prejudice.  If the District Court does not approve of the Settlement and does not dismiss the claims in Cause No. 2:15-cv-00695, this Agreement becomes null and void in its entirety.

14. **Distribution of Settlement Amounts:** Defendant will fund the settlement in the amount set forth in paragraph 5 of this Agreement directly to the TPA within ten (10) days after the District Court's final approval of the Settlement.

15. **Released Claims:** The Settlement Class releases Defendant from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and any applicable state wage statute where Plaintiffs may have worked for Defendant, including but not limited relevant West Virginia and Pennsylvania State claims and to the Ohio Minimum Fair Wage Standards Act and claims made or that could have been made. This release applies to all of the claims asserted in Cause No. 2:15-cv-00695, and the claims relating to or arising from the payment of monthly bonuses and its alleged impact on the rate and amount of overtime pay under the Fair Labor Standards Act and any applicable state wage statute, including Ohio, Pennsylvania, and West Virginia state statutes and law asserted

3

in Cause No. 2:15-cv-03126 and all other wage-and-hour or overtime compensation claims, known or unknown, unless specifically excluded in this Paragraph. The Parties agree that (a) the claims relating to the payment of per diems, and its alleged impact on the calculation and amount of overtime for hourly employees as alleged in Cause No. 2:15-cv-03126 and Cause No. 2:15-CV-03078 and (b) the misclassification claim as asserted in Cause No. 2:16-cv-00075, Decker v. U.S. Well Services, LLC, in the Western District of Pennsylvania are not released by this Agreement, and nothing herein shall bar or affect the prosecution of those claims.

16. **No Admission:** Nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant.

17. **Mutual and Full Cooperation.** The Parties shall use their best efforts and fully cooperate with each other to accomplish the terms of this Agreement and to take such other actions as may reasonably be necessary to implement and effectuate the terms of this Agreement.

18. **Modification.** This Agreement may not be changed, altered, or modified, unless such modification is manifested in a written document duly executed by the Parties. Any material modifications shall be approved by the District Court in its continuing jurisdiction.

19. **Counterparts, Copies, and Electronic Signatures.** This Agreement may be executed in counterparts. The Parties may use electronic signatures. Further, original signatures or copies of signatures shall bind each Party to the terms and conditions contemplated and expressed in this Agreement.

20. **Agreement Jointly Drafted.** The Parties agree that this Agreement shall be construed as if the Parties jointly prepared this Agreement and this Agreement shall not be construed against any Party on the ground that such Party drafted the Agreement.

21. **Breach:** If either Party breaches any of the terms and conditions of this Agreement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

22. **Jurisdiction:** The Parties agree that the District Court in which Cause No. 2:15-cv-00695 will retain jurisdiction to enforce the terms of this Agreement.

4

## EXECUTION BY PARTIES AND THEIR COUNSEL

By:_____        Date: 9/7/16_____
        Jeff Lackie

By:_____        Date:_____
        William Crandell

**PLAINTIFF AND CLASS REPRESENTATIVE,
INDIVIDUALLY AND ON BEHALF OF THE CLASS**

By:_____        Date:_____
        Hans A. Nilges

By:_____        Date:_____
        Thomas A. Downie

By:_____        Date:_____
        Steven G. Thomakos

**COUNSEL FOR PLAINTIFFS, OPT-INS,
AND PUTATIVE SETTLEMENT CLASS**

5

## EXECUTION BY PARTIES AND THEIR COUNSEL

By:_____       Date:_____
     Jeff Lackie

By:_____       Date: 9/8/16_____
     William Crandell

**PLAINTIFF AND CLASS REPRESENTATIVE,
INDIVIDUALLY AND ON BEHALF OF THE CLASS**

By:_____       Date:_____
     Hans A. Nilges

By:_____       Date:_____
     Thomas A. Downie

By:_____       Date:_____
     Steven G. Thomakos

**COUNSEL FOR PLAINTIFFS, OPT-INS,
AND PUTATIVE SETTLEMENT CLASS**

5

5714709v1

## EXECUTION BY PARTIES AND THEIR COUNSEL

By:_____          Date:_____
     Jeff Lackie


By:_____          Date:_____
     William Crandell

**PLAINTIFF AND CLASS REPRESENTATIVE,
INDIVIDUALLY AND ON BEHALF OF THE CLASS**

By:_____          Date:_____9-6-16_____
     Hans A. Nilges


By:_____          Date:_____
     Thomas A. Downie


By:_____          Date:_____
     Steven G. Thomakos

**COUNSEL FOR PLAINTIFFS, OPT-INS,
AND PUTATIVE SETTLEMENT CLASS**

5

## EXECUTION BY PARTIES AND THEIR COUNSEL

By: _____       Date: _____
      Jeff Lackie

By: _____       Date: _____
      William Crandell

PLAINTIFF AND CLASS REPRESENTATIVE,
INDIVIDUALLY AND ON BEHALF OF THE CLASS

By: _____       Date: _____
      Hans A. Nilges

By: _____       Date: 9-7-16
      Thomas A. Downie

By: _____       Date: 9/8/16
      Steven G. Thomakos

COUNSEL FOR PLAINTIFFS, OPT-INS,
AND PUTATIVE CLASS

By: _Nath Houston_      Date: _SEPTEMBER 6, 2016_

Name: _NATHAN HOUSTON_

Title: _PRESIDENT & CEO_

**AGENT FOR U.S. WELLS SERVICES, LLC**


By:_____      Date:_____

        **Susan E. Cates**

**COUNSEL FOR DEFENDANT**

6

By:_____  Date:_____
Name:_____
Title:_____

**AGENT FOR U.S. WELLS SERVICES, LLC**


By: *Susan E. Cates*  Date: 9/16/16
 Susan E. Cates

**COUNSEL FOR DEFENDANT**

5714709v1