UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF LACKIE, et al., | ) | CASE NO. 2:15-cv-695 |
| | ) | |
| Plaintiffs, | ) | JUDGE GEORGE C. SMITH |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | ELIZABETH PRESTON DEAVERS |
| | ) | |
| | ) | |
| U.S. WELL SERVICES, INC. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION ON** |
| Defendant. | ) | **PROPOSED FINAL ORDER AND** |
| | | **JUDGMENT** |

Plaintiffs Jeff Lackie and William Crandell and Defendant U.S. Well Services, Inc. ("U.S. Well Services" or "Defendant") have moved the Court to grant final approval of their proposed class and collective action settlement and enter final judgment in this action. In its Order Granting Preliminary Approval of Settlement (Doc. #110) ("Preliminary Approval Order"), the Court preliminarily approved the proposed Settlement pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), certified a proposed Settlement Class pursuant to Fed. R. Civ. P. 23, and preliminarily approved the proposed settlement of Settlement Class members' state-law claims pursuant to Fed. R. Civ. P. 23(e). Notice was given to members of the Settlement Class, and a Fairness Hearing was held on March 1, 2017.

Wherefore, upon the parties' Joint Motion for Final Approval of Settlement, the accompanying exhibits, and the whole of the record, the Undersigned **RECOMMENDS GRANTING** final approval of the Settlement and entering judgment as follows:

1. Plaintiffs filed their Class and Collective Action Complaint against Defendant (ECF #1) on February 23, 2015, and an Amended Complaint was filed on March 10, 2015 (ECF #7).  Plaintiffs alleged that U.S. Well Services miscalculated employees' overtime compensation in violation of the FLSA and state law by excluding safety and compliance bonuses as well as performance bonuses from the calculation of overtime pay.  Defendant denied Plaintiffs' claims and asserted affirmative defenses. *See* Answer to Complaint (ECF. #9).

2. On March 4, 2015, Plaintiffs moved the Court to conditionally certify the case as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (ECF #4).  Defendant initially opposed Plaintiffs' motion for conditional certification (ECF #22).  Defendant later withdrew that opposition, and Plaintiffs filed an unopposed motion for conditional certification (ECF #29) on June 12, 2015.

3. On August 7, 2015, the Court granted Plaintiffs' unopposed motion, conditionally certifying the case as an FLSA collective action and approving notice to similarly situated persons pursuant to pursuant to 29 U.S.C. § 216(b).

4. Notice was issued and 139 persons opted into the case by submitting consent forms filed with the Court.

5. Pursuant to the Court's Preliminary Pretrial Order (ECF #26), discovery was to be conducted in two phases.  Phase One, which was to be completed by November 30, 2015, was to include facts and documents pertaining to the named plaintiffs, facts and documents relating to the requirements for Rule 23 certification of the proposed Ohio and Pennsylvania Classes, and information, documents, and ESI

relating to merits issues. Phase Two was to begin with the joint filing of a supplemental discovery plan providing for expeditious completion of any additional discovery. The supplemental discovery plan was filed on December 7, 2015 (ECF #78).

6. Extensive discovery was conducted by both sides over the course of many months. Initial Disclosures were exchanged in June 2015. Plaintiffs propounded discovery requests to Defendant on June 24 and August 4, 2015, and Defendant served responses on July 31 and August 28, respectively. On August 18 and 19, 2015, Plaintiffs took depositions in Houston of Defendant's Human Resources Director and a former officer, as well as a consultant at Achilles Group who drafted the bonus plan at issue in this case. Plaintiffs took additional depositions of Defendant's managers in Bridgeport, West Virginia on January 25, 2015. Defendant deposed the named Plaintiffs on January 28, 2016.

7. On September 28, 2015, in accordance with the Court's Order, Plaintiffs moved for certification of proposed Ohio and Pennsylvania Classes pursuant to Fed. R. Civ. P. 23(a) and (b)(3) (ECF #46). Defendant opposed the motion on October 29, 2015 (ECF #70), and Plaintiffs filed a reply memorandum on November 16, 2015 (ECF #75).

8. On February 15, 2016, Defendant filed a motion for partial summary judgment on the issue of good faith (ECF #84). Plaintiffs filed an opposition memorandum with evidentiary exhibits on March 10, 2016 (ECF #92), and Defendant filed a reply memorandum on March 29, 2016 (ECF #95).

9. Both the Rule 23 motion and the motion for partial summary judgment were pending before the Court at the time of the mediation and resulting Settlement.

10. Settlement negotiations commenced with a day-long mediation session with Mediator Jerome F. Weiss on June 8, 2016. That session failed to achieve agreement, but the Parties agreed to continue negotiating through separate phone conferences with the Mediator. Many further discussions with Mediator Weiss took place in the ensuing weeks, culminating with a mediator's proposal on August 9, 2016. That proposal, with some modifications, was accepted by the parties.

11. The Settlement resolves all claims involving the exclusion of "safety and compliance bonuses" and "performance bonuses" from the calculation of employees' overtime pay, while expressly excluding claims for the exclusion of per diem payments as well as an additional carve-out for another pending lawsuit. The per diem issue is the subject of a companion case—Case No. 2:15-cv-03078 (also captioned *Lackie v. U.S. Well Services, LLC*)—which the parties will continue to litigate. Except for the specific carve out for the two pending cases, the Settlement includes a release of all federal and state wage-and-hour claims, rights, demands, liabilities, and causes of action, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses pursuant to the FLSA and any applicable state wage statutes.

12. The Settlement will provide individual settlement payments to the Plaintiffs, Opt-Ins, and Settlement Class members representing a substantial percentage of their claimed damages, including liquidated damages. The proposed method of allocation is fair to all, while recognizing the additional risks and commitment undertaken by the Plaintiffs and Opt-Ins in bringing the case or affirmatively opting in.

4

The shares are proportionate to the individuals' respective workweeks during the Class Period, with the shares of the Plaintiffs and Opt-Ins weighted "one" and those of Settlement Class members weighted "one-half." Allocations based on this method are listed in the Table of Individual Payments (Exhibit 1 to Joint Motion for Final Approval).

13. The issues in this case were hotly contested, as the Court is aware from the extensive motion practice and briefing. The Settlement was achieved only after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and other wage-and-hour claims, including the types of wage-and-hour claims asserted in this Action.

14. The Court finds that the proposed Settlement satisfies the standard for approval of an FLSA collective action settlement under 29 U.S.C. § 216(b). There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and that the Settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012).

15. In its Preliminary Approval Order, the Court certified a Settlement Class pursuant to Fed. R. Civ. P. 23, consisting of:

> All hourly non-exempt employees or former employees of Defendant in Ohio and Pennsylvania, including Jeff Lackie and William Crandell, who (1) received a safety or performance bonus, (2) worked for more than forty hours in a workweek in which a bonus was earned, and (3) have not already opted into the instant case pursuant to 29 U.S.C. § 216(b).

16. The Court approved a Notice to Settlement Class members and directed that it be sent "by first-class United States mail to their last-known addresses as shown

in the records of Defendant and updated by the settlement administrator through the National Change of Address database."

17. Plaintiffs' Counsel have filed a declaration confirming that the Notice was mailed to the Settlement Class members as directed. Settlement Services, Inc. was retained as Settlement Administrator, and the Court-approved Notice was mailed to Settlement Class members on December 15, 2016. Fifty-four notices were returned as undeliverable. The Settlement Administrator took further steps to determine those class members' current whereabouts, and the Notice was remailed to forty-three class members.

18. The Notice gave Settlement Class members sixty days in which to request exclusion from the Settlement Class, object to the Settlement, or submit a consent form to receive a settlement payment. No class member opted out of the Settlement Class or objected to the Settlement. Thirty-seven Settlement Class members submitted consent forms to receive a settlement payment.

19. The Undersigned finds that the Notice given to Settlement Class members was reasonable and the best notice practicable, and satisfied the requirements of Civ. R. 23(e) and due process.

20. The Fairness Hearing was held on March 1, 2017.

21. The Court finds that the proposed settlement of Settlement Class members' state-law claims is "fair, reasonable, and adequate" to all participants and qualifies for approval pursuant to Fed. R. Civ. P. 23(e).

22. The Undersigned recommends approving the Settlement and ordering that it be implemented according to its terms and conditions and as directed herein.

23. The Undersigned recommends finding that the Total Settlement Amount, as well as the proposed distributions to Plaintiffs, Opt-Ins, and Settlement Class members listed in the Table of Individual Payments, are fair and reasonable. A total of 178 persons are listed in the Table, consisting of the two Plaintiffs, 139 Opt-Ins, and thirty-seven Settlement Class members. The Individual Payments vary between $100 and $8,894. Under the terms of the Settlement Agreement, the Individual Payments will be subject to taxes and withholdings determined by the Settlement Administrator and reported as Form W-2 payments.

24. The Undersigned recommends approving the Table of Individual Payments and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

25. The Undersigned recommends approving the proposed service awards to Lackie and Crandell, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

26. The Undersigned recommends approving the payment of attorneys' fees and expense reimbursements to Plaintiffs' counsel as provided in the Settlement Agreement, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

27. The Undersigned **RECOMMENDS DISMISSAL** of this case with prejudice.

28. By agreement of the Parties, the Court retains jurisdiction to enforce the terms of the Settlement Agreement and any disputes thereunder.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: March 1, 2017        /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE